UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAIN M. R., <br><br>　　　　　Petitioner, <br><br>v. <br><br>PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br>　　　　　Respondents. | Case No. 26-cv-1320 (LMP/SGE) <br><br>**ORDER GRANTING HABEAS PETITION** |

Peter Selness, **Merchant & Gould, Minneapolis, MN**, for Petitioner.

Friedrich A. P. Siekert and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

　　Petitioner Sain M. R. is a resident of Minneapolis, Minnesota, and a citizen of Mexico who entered the United States in 2022. ECF No. 1 ¶¶ 12–13. He is not subject to a final order of removal. *Id.* ¶ 13. He was arrested by immigration authorities on February 10, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE"). *See id.* ¶¶ 7, 15. Sain M. R. asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See id.* ¶¶ 29, 53. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a),

*id.* ¶ 29, and that the Government has not presented a warrant that justifies his arrest or detention, *see id.* ¶ 52. Sain M. R. filed a petition for a writ of habeas corpus challenging the lawfulness of his detention and requests either his immediate release from detention or an order requiring the Government to conduct a bond hearing. *See id.* at 14–15.

This Court has concluded that the mandatory detention provisions of Section 1225(b)(2) do not apply to noncitizens similarly situated to Sain M. R. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to Section 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the Government to answer Sain M. R.'s petition by February 19, 2026, "certifying the true cause and proper duration of Sain M. R.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 4 at 2–3.

## ANALYSIS

The Government timely responded to Sain M. R.'s petition. The Government acknowledges that the "parties' disagreement in this case comes down to whether [Sain M. R.] is detained under § 1225 or § 1226" and that this case presents similar factual issues

to those raised in the Court's prior decisions on this issue. ECF No. 6 at 2–3. The Government nevertheless maintains that Sain M. R. is "subject to mandatory detention under § 1225(b)(2)," *id.* at 2, and reiterates the argument it has previously raised relating to its interpretation of Sections 1225 and 1226, *see* ECF No. 6 at 7–11, which the Court has consistently and repeatedly rejected, *see, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3. Because the Government has not demonstrated a factual or legal distinction between this case and *Roberto M. F.* and *Victor Hugo D. P.*, the Court concludes that Sain M. R. is detained under Section 1226(a). *See Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3.

The Government does, however, refute Sain M. R.'s allegation that he has not been presented with a warrant for his arrest. *See* ECF No. 6 at 11. The Government submitted the warrant as an exhibit here, which states that it was issued and served on Sain M. R. in Hopkins, Minnesota, on February 10, 2026, ECF No. 7-1, the date Sain M. R. was arrested, ECF No. 1 ¶ 15. The Government asserts that if Section 1226 applies, "the appropriate remedy is to allow the Immigration Court to decide whether detention is or is not appropriate"—in other words, to grant a bond hearing. ECF No. 6 at 12.

Sain M. R. asserts that the warrant "does not establish that the arrest was carried out lawfully" because the Government has "failed to present any evidence showing that the warrant was actually served at the time of the arrest." ECF No. 8 at 2. Sain M. R. argues that administrative warrants "issued after an arrest or contemporaneous to it are not valid warrants within the purview of section 1226(a)." *Id.* at 4–5. Thus, according to Sain M. R., if the warrant was issued and served after Sain M. R. was arrested, his detention remains

3

unlawful, and the appropriate remedy is immediate release from custody. *See id.* at 2. Sain M. R. also challenges the time and location of the issuance of the warrant, whether the agent who issued the warrant was authorized to do so, and that the warrant itself contained inaccurate and incomplete information. *See id.* at 4–8. Sain M. R. requests expedited discovery pertaining to information relating to the issuance of the warrant "in the event that the Court finds no procedural violations" or "facial infirmities" in the warrant. *Id.* at 8.

The Court recently addressed this issue and concluded that the Immigration and Nationality Act ("INA"), along with its implementing regulations, "authorizes immigration officers to arrest a noncitizen without a warrant, *see* 8 U.S.C. § 1357(a)(2), and determine within 48 hours to issue a warrant of arrest under 8 C.F.R. § 236.1, *see* 8 C.F.R. § 287.3(d), which subsequently unlocks the door to discretionary detention under 8 U.S.C. § 1226(a), *see* 8 C.F.R. § 236.1(c)(8)." *Fernando C. C. v. Bondi*, No. 26-cv-1235 (LMP/SGE), ECF No. 11 at 4 (D. Minn. Feb. 17, 2026). That appears to be precisely what occurred here. Sain M. R. was arrested on February 10, 2026. ECF No. 1 ¶ 15. The administrative warrant the Government submitted with its response indicates it was issued and served the same day. *See* ECF No. 7-1. The Government also submitted a notice to appear dated February 12, 2026, two days after Sain M. R.'s arrest. ECF No. 7-2 at 1. This aligns with the INA's implementing regulations. *See* 8 C.F.R. § 287.3(d) ("[A] determination will be made within 48 hours of the arrest . . . whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.").

Sain M. R. largely relies on the same cases as the petitioner in *Fernando C. C.* to support his argument. *Compare* ECF No. 8 at 3–7, *with Fernando C. C.*, No. 26-cv-1235

4

(LMP/SGE), ECF No. 11 at 5–9.  For the reasons discussed in *Fernando C. C.*, the Court does not find those cases applicable or persuasive.  *See Fernando C. C.*, No. 26-cv-1235 (LMP/SGE), ECF No. 11 at 5–9.  Sain M. R. challenges the authority of the issuing agent.  But on its face the warrant was issued by an "SDDO," or Supervisory Detention and Deportation Officer.   ECF No. 7-1; *see* 8 C.F.R. § 287.5(e)(2)(xxxii) (authorizing "[s]upervisory detention and deportation officers" to issue arrest warrants); *see also Fernando C. C.*, No. 26-cv-1235, ECF No. 11 at 10–11.  Sain M. R. also raises various disputes about the contents of the warrant and argues that the "lack of corroborating information or evidence regarding the warrant undermines its credibility," mainly as it relates to the specific time it was issued and the reasons provided for issuing it.  ECF No. 8 at 7–8.  But the specific time it was issued does not change the analysis because, as explained above, it was issued and served the same day as Sain M. R.'s arrest and therefore is lawful.  *See Fernando C. C.*, No. 26-cv-1235 (LMP/SGE), ECF No. 11 at 4.  And Sain M. R. cites no authority—nor is the Court aware of any such authority—to support his assertion that the warrant's "check-box characterizations of the evidence" are insufficient or otherwise require "corroborating information or evidence" to support a finding of probable cause.  ECF No. 8 at 7–8; *see* 8 C.F.R. §§ 236.1(b), 287.3(d), 287.5(e)(2).  Given the parallels to *Fernando C. C.*, and the record in Sain M. R.'s case, the Court does not find any of the exceptions in *Fernando C. C.*, ECF No. 11 at 12–13, that would warrant a different outcome—even if further discovery were ordered.

Accordingly, "because a warrant was issued to [Sain M. R.] within 48 hours of his warrantless arrest, that warrant authorize[s] [his] continued detention pursuant to the

discretionary detention framework of Section 1226(a)." *Fernando C. C.*, No. 26-cv-1235 (LMP/SGE), ECF No. 11 at 12. Given this determination, the Court concludes that the expedited discovery Sain M. R. requests is unnecessary and unlikely to change this result. Nonetheless, because Sain M. R. is entitled to the procedural protections of Section 1226(a), the Court grants his petition and orders the Government to conduct a bond redetermination hearing as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Sain M. R.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

   a. The Court **DECLARES** that Sain M. R. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226;

   b. The Government is **ORDERED** to provide Sain M. R. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release by no later than **Friday, February 27, 2026**; and

   c. If the Government does not provide Sain M. R. with a bond redetermination hearing in accordance with this Order, the

Government is **ORDERED** to release Sain M. R. from detention immediately;[1] and

2. The Government is **ORDERED** to provide the Court with a status update by no later than **5:00 p.m. on Monday, March 2, 2026**, concerning the results of any bond redetermination hearing conducted pursuant to this Order or, if no bond hearing was held, Sain M. R.'s release from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[1] Because the Court grants relief to Sain M. R. on his statutory claims, the Court need not adjudicate his remaining Administrative Procedure Act and constitutional claims. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998). Accordingly, those claims are **DISMISSED** as moot.